[No. B216432. Second Dist., Div. One. Feb. 9, 2011.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
MARTIN HILL et al., Defendants and Appellants.

862

COUNSEL

J. David Nick and E. D. Lerman for Defendants and Appellants.

Andrea Sheridan Ordin, County Counsel, Richard D. Weiss, Assistant County Counsel, and Sari J. Steel, Principal Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**ROTHSCHILD, J.**—Martin Hill and the Alternative Medicinal Collective of Covina (defendants) appeal from an order granting a preliminary injunction prohibiting them from dispensing marijuana anywhere in the unincorporated area of Los Angeles County (County) without first obtaining the necessary licenses and permits required by County ordinances. Defendants contend that the order granting the injunction should be reversed because the County's

ordinances regulating medical marijuana dispensaries (MMD's) are preempted by state law, inconsistent with state law and unconstitutionally discriminate against MMD's. We find no merit to any of these contentions and affirm the injunction.

## STATUTORY AND REGULATORY BACKGROUND

In 1996, California voters adopted Proposition 215, the "Compassionate Use Act of 1996" (Health & Saf. Code, § 11362.5).[1] The act is intended to "ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marijuana"; "ensure that patients and their primary caregivers who obtain and use marijuana for medical purposes upon the recommendation of a physician are not subject to criminal prosecution or sanction"; and "encourage the federal and state governments to implement a plan to provide for the safe and affordable distribution of marijuana to all patients in medical need of marijuana." (§ 11362.5, subd. (b)(1)(A)–(C).) The act provides in relevant part that it shall not "be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others . . . ." (§ 11362.5, subd. (b)(2).)

In 2003, the Legislature added the "Medical Marijuana Program Act," article 2.5, chapter 6, division 10 to the Health and Safety Code. The purposes of article 2.5 include "[promoting] uniform and consistent application of the [Compassionate Use Act of 1996] among the counties within the state" and "[enhancing] the access of patients and caregivers to medical marijuana through collective, cooperative cultivation projects." (Stats. 2003, ch. 875, § 1, subd. (b), p. 6422.) The statute includes guidelines for the implementation of the Compassionate Use Act of 1996. Among other things, it provides that qualified patients and their primary caregivers have limited immunity from prosecution for violation of various sections of the Health and Safety Code regulating marijuana including the "drug den" abatement law.[2] (§§ 11362.765, 11362.775.) Most significant for our case, the statute provides: "Nothing in this article shall prevent a city or other local governing body from adopting and enforcing laws consistent with this article." (§ 11362.83.)

In June 2006, the County adopted ordinances regulating the operation of MMD's in unincorporated areas of the County. Los Angeles County Code

---

[1] All statutory references are to the Health and Safety Code unless otherwise specified.

[2] Section 11570 states: "Every building or place used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing, or giving away any controlled substance . . . is a nuisance which shall be enjoined, abated, and prevented, and for which damages may be recovered, whether it is a public or private nuisance."

(LACC) section 22.56.196, former subdivision A stated: "This section is established to regulate medical marijuana dispensaries in a manner that is safe, that mitigates potential impacts dispensaries may have on surrounding properties and persons, and that is in conformance with the provisions of California Health and Safety Code section 11362.5 through section 11362.83, inclusive, commonly referred to as the Compassionate Use Act of 1996 and the Medical Marijuana Program." The section also provided: "The establishment and operation of any medical marijuana dispensary requires a conditional use permit in compliance with the requirements of this section." (LACC, § 22.56.196, former subd. B.) Moreover, "[d]ispensaries shall not be located within a 1,000 foot radius of schools, playgrounds, parks, libraries, places of religious worship, child care facilities, and youth facilities . . . ." (*Id.*, former subd. E.1.a.) In addition, an MMD cannot lawfully operate without obtaining a business license. (LACC, § 7.55.020.) The County's zoning ordinance, LACC section 22.28.110, states that an MMD may operate in a C-1 zone "subject to the requirements of section 22.56.196" discussed above.

County ordinances applicable to all businesses provide that a use that does not comply with the zoning code is a public nuisance (LACC, § 22.60.350) and authorize the County to seek injunctions against businesses operating in violation of the zoning laws (LACC, §§ 7.04.340, 22.60.350).

## FACTS AND PROCEEDINGS

The County brought a nuisance action against defendants seeking injunctive and declaratory relief on the ground that defendants were operating an MMD in an unincorporated area of the County without having obtained a business license, a conditional use permit and a zoning variance to allow it to operate within a 1,000-foot radius of a public library.

At the hearings on the County's applications for a temporary restraining order and preliminary injunction, defendants did not deny that they were operating an MMD next to a library without having applied for a license, conditional use permit or zoning variance. Instead, they argued that these requirements were preempted by state law, inconsistent with state law and unconstitutional.

The trial court granted the County's request for a temporary restraining order and preliminary injunction prohibiting defendants from "possessing, offering, selling, or giving away marijuana" anywhere in the unincorporated area of the County of Los Angeles without the necessary permits and licenses required by local and state law. Defendants filed a timely appeal.

■ While this appeal was pending the Legislature enacted section 11362.768, effective January 1, 2011, which specifically recognizes and partially regulates medical marijuana "dispensaries" having "a storefront or mobile retail outlet which ordinarily requires a local business license." (*Id.,* subd. (e).) The statute states in relevant part: "(b) No medical marijuana cooperative, collective, dispensary, operator, establishment, or provider who possesses, cultivates, or distributes medical marijuana pursuant to this article shall be located within a 600-foot radius of a school. [¶] . . . [¶] (f) Nothing in this section shall prohibit a city, county or city and county from adopting ordinances or policies that further restrict the location or establishment of a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider. [¶] (g) Nothing in this section shall preempt local ordinances, adopted prior to January 1, 2011, that regulate the location or establishment of a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider." (§ 11362.768, subds. (b), (f), (g).)[3] At our request the parties submitted letter briefs on the question of how subdivisions (b), (f) and (g) of section 11362.768 affect defendants' challenges to the County's ordinances. We have considered their replies in our analysis of the issues in this appeal.[4]

## DISCUSSION

### I. *Standard of Review*

■ We review an order granting a preliminary injunction for abuse of discretion. (*City of Corona v. Naulls* (2008) 166 Cal.App.4th 418, 427 [83 Cal.Rptr.3d 1].) Two interrelated factors bear on the issuance of a preliminary injunction—the likelihood of the plaintiff's success on the merits at trial and the balance of harm to the parties in issuing or denying injunctive relief. (*Ibid.*) Here, defendants do not address the balance of harm but argue the County cannot succeed at trial because the ordinances on which it relies in declaring defendants' MMD a nuisance are preempted by and inconsistent with California's Compassionate Use Act of 1996 and Medical Marijuana Program and violate the equal protection clause of the California Constitution.

---

[3] We deny the County's request for judicial notice of section 11362.768 and its legislative history. We take notice of the public statutory law of this state without a request (Evid. Code, § 451, subd. (a)) and the legislative history of that section is unnecessary to our decision.

[4] We take judicial notice that on December 7, 2010, the Los Angeles County Board of Supervisors banned MMD's in all zones in the County effective January 6, 2011 (L.A. Ord. No. 2010-0062). The ordinance provides that the ban shall remain in effect until and unless it is held "unlawful" by the Court of Appeal or the California Supreme Court in which case the preexisting ordinances governing MMD's shall again be in effect. (<http://file.lacounty.gov/bos/sop/cms1_154706.pdf> pp. 34–35 [as of Feb. 10, 2011] and attachments.) The validity of that ban is not before us and we do not address it.

Whether local ordinances are unconstitutional or preempted by state statutes is a question of law subject to our de novo review. (*Baba v. Board of Supervisors* (2004) 124 Cal.App.4th 504, 512 [21 Cal.Rptr.3d 428]; *City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1168 [100 Cal.Rptr.3d 1].)

Where conflicts exist in the evidence before the trial court, we do not reweigh the evidence or determine the credibility of the witnesses. Our only task with respect to the evidence is to determine whether there is substantial evidence, disputed or undisputed, to support the trial court's findings, explicit or implied. (*City of Corona v. Naulls, supra,* 166 Cal.App.4th at p. 427.)

## II. *Total Preemption*

Under article XI, section 7 of the California Constitution, "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Defendants argue the Compassionate Use Act of 1996 and the Medical Marijuana Program discussed above (see, *ante,* at p. 864), fully occupy the field of MMD regulation and thereby preclude the County from enforcing any additional requirements.

█ Local ordinances enter an area that is fully occupied by state law when the Legislature has expressly manifested its intent to fully occupy the area or when it has impliedly done so. (*City of Claremont v. Kruse, supra,* 177 Cal.App.4th at p. 1169.) Defendants' total preemption argument fails because section 11362.83, a part of the Medical Marijuana Program, specifically states: "Nothing in this article shall prevent a city or other local governing body from adopting and enforcing laws consistent with this article." █ Thus, section 11362.83 allows a county to regulate the establishment of MMD's and their locations so long as those regulations are consistent with the provisions of the Medical Marijuana Program, sections 11362.7 through 11362.9.

## III. *Partial Preemption*

Defendants contend that even if the Medical Marijuana Program does not preempt the County's authority to regulate MMD's, the County's regulations are invalid because they are inconsistent with state law. We disagree.

### A. *Facial Consistency*

Defendants interpret the word "consistent" as used in section 11362.83 to mean "the same as." Thus, they contend, the County can only enact the same limitations as provided in the Medical Marijuana Program; the County's

greater restrictions, including zoning and licensing requirements, are therefore prohibited. But by saying "[n]othing in this article shall prevent a city or other local governing body from adopting and enforcing laws consistent with this article," the Legislature showed it expected and intended that local governments adopt additional ordinances. To hold otherwise would be to attribute to the Legislature the sanctioning of useless and redundant acts by local governments.

If there was ever any doubt about the Legislature's intention to allow local governments to regulate marijuana dispensaries, and we do not believe there was, the newly enacted section 11362.768, has made clear that local government may regulate dispensaries. Subdivision (f) of that section states: "*Nothing in this section* shall prohibit a [county] from adopting ordinances or policies *that further restrict the location or establishment* of a medical marijuana . . . dispensary . . . ." (Italics added.)

■ Defendants, however, contend that subdivision (b) of section 11362.768, requiring the County to prohibit MMD's from operating 600 feet from a school, impliedly bars the County from placing any additional restrictions on the location of MMD's. Subdivision (b) cannot be read in isolation. Subdivisions (b) and (f) provide that a county must prohibit MMD's from operating within 600 feet of a school and *may* add further restrictions on the location and establishment of MMD's.

Defendants also contend that the County cannot use its nuisance abatement ordinances to enjoin the operation of MMD's in locations other than within 600 feet of a school because sections 11362.765 and 11362.775 provide that medical marijuana patients and their caregivers are not subject to "criminal liability under Section . . . 11570," the "drug den" abatement law. Again, we disagree.

■ The limited statutory immunity from prosecution under the "drug den" abatement law provided by section 11362.775 does not prevent the County from applying its nuisance laws to MMD's that do not comply with its valid ordinances. The possession, dispensing, cultivation, or transportation of marijuana is ordinarily a crime under California law. (§§ 11357, 11359, 11360, 11361.) Under section 11570, any building or place used in the commission of those crimes is subject to abatement as a public or private nuisance. Section 11362.775 provides, however, that "[q]ualified patients, persons with valid identification cards, and [their] designated primary caregivers . . . who associate within the State of California in order collectively or cooperatively to cultivate marijuana for medical purposes, shall not solely on the basis of that fact be subject to state criminal sanctions under Section . . .

11570."[5] ■ By its terms, the statute exempts qualified patients and their primary caregivers (who collectively or cooperatively cultivate marijuana for medical purposes) from nuisance laws *"solely on the basis* of [the] fact" that they have associated collectively or cooperatively to cultivate marijuana for medical purposes. (Italics added.) The statute does not confer on qualified patients and their caregivers the unfettered right to cultivate or dispense marijuana anywhere they choose. The County's constitutional authority to regulate the particular manner and location in which a business may operate (Cal. Const., art. XI, § 7) is unaffected by section 11362.775.

## B. *Consistency as Applied*

Defendants argue that even if the County's MMD ordinances are facially consistent with the Compassionate Use Act of 1996 and the Medical Marijuana Program they are inconsistent as applied because they so restrict the establishment and location of MMD's as to make it practically impossible for such dispensaries to exist anywhere in the unincorporated areas of the County.[6] Defendants' evidence does not support their claim.

### 1. *Permit application fee*

Defendant Hill's declaration in opposition to the preliminary injunction states that he was "informed by the County of Los Angeles that I will be required to pay a $11,500 application fee for a conditional use permit for a medical marijuana dispensary . . . ." Hill states that for him and defendant Alternative Medicinal Collective of Covina such a fee "is prohibitive." He explains that the majority of the collective's members "are poor, disabled, or ill" and neither they nor the collective have the means to raise $11,500. Hill notes that under the Medical Marijuana Program, collectives are not allowed to "distribute marijuana for profit" (§ 11362.765, subd. (a)) or to sell marijuana to nonmembers (Cal. Atty. Gen. (Aug. 2008) Guidelines for the Security and Non-Diversion of Marijuana Grown for Medical Use, p. 11

---

[5] Although section 11570 does not contain criminal penalties, it is widely recognized as quasi-criminal in nature. (*Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734, 755 [115 Cal.Rptr.3d 89]; 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 70, p. 144; cf. *Board of Supervisors v. Simpson* (1951) 36 Cal.2d 671, 674–675 [227 P.2d 14] ["red light" abatement law designed "to establish a summary method, through the civil process of the law, for putting a stop to the maintenance of houses of ill fame."].)

[6] In this case, the County takes no position on whether it could, consistent with the Compassionate Use Act of 1996 and the Medical Marijuana Program ban medical marijuana dispensaries completely. (See *ante*, fn. 4, at p. 866.)

(Guidelines)).[7] Hill further states the fees charged to members of the collective are calculated to cover the collective's overhead costs and operating expenses as allowed under the Attorney General's Guidelines (Guidelines, at p. 10).

The County does not dispute Hill's declaration with respect to the amount of the application fee or defendants' inability to pay. Nevertheless, the facts recited in Hill's declaration are not sufficient to show that the County's fee for obtaining a conditional use permit is inconsistent with the Compassionate Use Act of 1996 or the Medical Marijuana Program. Defendants produced no evidence that the County charges a higher fee to MMD's than it does to other businesses or that the fee applicable to MMD's is unreasonable.

### 2. Zoning restrictions

Counsel for defendants submitted a declaration in opposition to the preliminary injunction stating: "I am informed and believe that there is no location within the unincorporated sections of Los Angeles County where a medical marijuana association could exist without being in violation of the ordinance and/or forced out of existence due to the remote and unreasonably inconvenient location."[8]

The County submitted a declaration from an employee in its zoning permits section disputing the attorney's declaration and asserting that "there are numerous properties in unincorporated Los Angeles County that are properly zoned to allow for the operation of an MMD once the proper permits and licenses are obtained."

Neither declarant supplied any evidence to support its claims. The County's declaration is, however, supported by LACC section 22.28.110 which permits MMD's to operate in C-1 zones. These commercial zones also contain liquor stores, bars and cocktail lounges, car washes, pet grooming businesses, theaters and many other common commercial enterprises. This evidence refutes defendants' claim that MMD's are zoned so as to relegate them to remote and commercially infeasible locations.

### 3. No MMD ever approved by the County

Finally, defendants argue that we can infer the County's ordinances prohibit the establishment of MMD's because, since the adoption of the

---

[7] Available at <http://ag.ca.gov/cms_attachments/press/pdfs/n1601_medicalmarijuana guidelines.pdf> (as of Feb. 10, 2011).

[8] We deny defendants' request for judicial notice of a map of the County's zones as there is no showing that this evidence was offered in the trial court.

Compassionate Use Act of 1996, the County has not approved a single permit for the operation of an MMD.

The County did not dispute defendants' claim. It did, however, provide the declaration of an employee in its zoning permits department explaining that since the adoption of the ordinances regulating MMD's in June 2006, only two applicants have filed for a conditional use permit to operate a dispensary. The first applicant withdrew his application after he was arrested on drug charges in another jurisdiction. The other applicant was denied a permit because the proposed MMD would have been adjacent to single-family residences.[9]

## IV. *Constitutionality*

Defendants maintain that the County ordinances violate the equal protection clause of the 14th Amendment to the United States Constitution (see Cal. Const., art. I, § 7) by not allowing the dispensaries to operate in the same zones as pharmacies. This argument is not persuasive.

The concept of equal protection of the laws contemplates that entities "similarly situated with respect to the legitimate purpose of the law receive like treatment." (*Purdy & Fitzpatrick v. State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456 P.2d 645].) Although under the Compassionate Use Act of 1996 and the Medical Marijuana Program, marijuana may, like a legal drug, be dispensed for medical purposes, MMD's and pharmacies are not "similarly situated" for public health and safety purposes and therefore need not be treated equally.[10]

The County submitted expert testimony that most MMD's are "cash only" businesses and that the presence of large amounts of cash and marijuana make MMD's, their employees and qualified patients "the target of a disproportionate amount of violent crime" including robberies and burglaries. According to the County's expert, MMD's also attract loitering and marijuana smoking on or near the premises, which negatively affect the "quality of life" in the neighborhood. Further, the County's concern with dispensaries attracting an illegal resale market for marijuana would be justified in light of

---

[9] We do not consider defendants' argument raised for the first time in their reply brief that the real reason only two dispensaries have applied for conditional use permits is because others have been deterred by the hearing officers' unfettered discretion to deny applications for permits. (Cf. *Shimmon v. Franchise Tax Bd.* (2010) 189 Cal.App.4th 688, 694, fn. 3 [117 Cal.Rptr.3d 430].)

[10] Contrary to defendants' contention, the Compassionate Use Act of 1996 did not give "marijuana the same status as any legal prescription drug . . . because the drug remains illegal under federal law . . . even for medical users . . . ." (*Ross v. RagingWire Telecommunications, Inc.* (2008) 42 Cal.4th 920, 926 [70 Cal.Rptr.3d 382, 174 P.3d 200].)

the use of marijuana for nonmedical purposes. Because similar risks are not associated with the location of pharmacies, the County had a rational basis for zoning MMD's differently than pharmacies.

## DISPOSITION

The order granting the County's motion for a preliminary injunction is affirmed. The County is awarded its costs on appeal.

Mallano, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied March 4, 2011, and appellants' petition for review by the Supreme Court was denied May 11, 2011, S191519.