Filed 12/18/15  Hernandez v. PNMAC Mortgage Opportunity Fund Investors CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHERRY HERNANDEZ, | B258583 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC 068794) |
| v. | |
| PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC, et. al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

Sherry Hernandez, in pro. per.; Law Office of David Seal, David Seal for Plaintiff and Appellant.

Blank Rome, Todd A. Boock, Shawnda M. Grady and Jessica A. McElroy for Defendant and Respondent PNMAC Mortgage Opportunity Investors, LCC.

Burke, Williams & Sorensen, Richard J. Reynolds and Joseph P. Buchman for Defendant and Respondent, MTC Financial, Inc. dba Trustee Corps.

.        Plaintiff Sherry Hernandez (plaintiff) sued the parties responsible for foreclosing on her residence.  She alleged there were defects in the assignment of the deed of trust on the property such that the entity that initiated the foreclosure sale did so without proper authority.  Because a foreclosure sale may not be set aside based solely on a borrower's contention that the entity that recorded a notice of default was without authority to initiate the foreclosure proceedings, we hold the trial court correctly dismissed plaintiff's lawsuit.

BACKGROUND[1]

On January 18, 2008, plaintiff's husband, Alfredo Hernandez, borrowed $752,500 from Your-Best-Rate Financial, LLC, evidenced by his promissory note in that amount (the Note).  The Note was secured by a deed of trust on the family's Rancho Palos Verdes home (the Property), which was executed by plaintiff, her husband, and her daughter Elizabeth.

The original lender assigned the Note to CitiMortgage, Inc., who later endorsed the Note in blank, thus assigning its interest to the holder of the Note.  On January 5, 2012, Mortgage Electronic Registration Systems, Inc. (MERS), a nominee under the deed of trust, executed an assignment of that deed (the Assignment) in favor of PNMAC Opportunity Fund Investors, LLC (PNMAC).  The Assignment was recorded in the Los Angeles County Recorder's Office on January 18, 2012.  On that same day, MTC Financial, Inc. dba Trustee Corps (Trustee Corps)[2] recorded a Notice of Default and Election to Sell, stating that the Note was in default in the amount of $55,059.76.  Trustee Corps served and recorded a notice of trustee's sale on July 10, 2012, which scheduled the foreclosure sale to take place on August 6, 2012.  The sale was subsequently

---

[1]      We take the following facts from plaintiff's second amended complaint and the Los Angeles County Recorder's office documents that the trial court judicially noticed. We likewise take judicial notice of these documents pursuant to Evidence Code sections 452 and 459.

[2]      Trustee Corps was named the substitute trustee on February 14, 2012, and the Substitution of Trustee was recorded on July 10, 2012.

2

postponed due to a bankruptcy petition filed by Elizabeth Hernandez, plaintiff's co-trustor under the deed of trust.

PNMAC sought relief from the automatic bankruptcy stay. In its tentative ruling, the bankruptcy court questioned PNMAC's interest in the Note and gave the parties additional time to provide evidence that PNMAC was entitled to enforce the terms of the Note. The Bankruptcy Court subsequently ruled that defendant PNMAC, as assignee of the deed of trust, had standing to seek relief from the stay. The Bankruptcy Court lifted the stay on April 15, 2013.

On April 16, 2013, Trustee Corps conducted the foreclosure sale of the Property. PNMAC purchased the Property for $695,000; a Trustee's Deed Upon Sale was subsequently recorded in the County Recorder's Office.

Plaintiff filed suit against defendants PNMAC and Trustee Corps on March 6, 2013, and she filed a first amended complaint on June 25, 2013. Plaintiff alleged causes of action for violation of the Commercial Code, quiet title, wrongful foreclosure, declaratory relief, "lack of standing," and cancellation of instruments (specifically, the deed of trust, notice of default, and notice of trustee's sale). Plaintiff did not allege a procedural defect in the foreclosure process. Rather, the gist of the complaint was that the Assignment of the deed of trust from MERS to PNMAC was fraudulent and void so that PNMAC had no legal or beneficial interest in the Note, and thus no right to institute foreclosure proceedings against the Property. In her brief on appeal to this court, plaintiff identifies the facts on which she relies to claim the Assignment is invalid: "during the pendency of this case, [the person who notarized the Assignment] was convicted of over one-hundred (100) criminal acts pertain[ing] to the illegal use and abuse of her notary license," and the original lender, Your-Best-Rate Financial LLC, "was administratively dissolved by the Secretary of State of Georgia [*sic*] on May 30, 2010."

Defendants each demurred to the first amended complaint. They contended that all of plaintiff's causes of action failed because she had not tendered the amounts due under the Note, and because the "comprehensive statutory framework" for non-judicial

foreclosure precluded plaintiff's Commercial Code claim and her challenge to the authority of the defendants to conduct the foreclosure sale. The trial court granted the demurrer with leave to amend.

Plaintiff filed a second amended complaint "dropping the complaint of Declaratory Relief and Lack of Standing." Defendants again demurred. The trial court granted defendants' request for judicial notice of certain documents recorded in the Los Angeles County Recorder's Office. After hearing argument from the parties, the trial court issued an order sustaining the demurrers. The trial court found: the complaint failed to allege that plaintiff tendered the amount of indebtedness, or facts to establish that tender was not required; the complaint failed to sufficiently allege that plaintiff suffered prejudice by reason of the foreclosure; plaintiff's theory that the foreclosure sale was improper because defendants did not hold the Note or have physical possession of the original Note has been "consistently rejected by the courts"; and the allegation that the document assigning the trust deed contained an improper signature was insufficient, absent prejudice, to state a cause of action.

The trial court entered a judgment of dismissal, and plaintiff timely appeals.

DISCUSSION

"In determining whether plaintiffs properly stated a claim for relief, our standard of review is clear: '"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]

4

The burden of proving such reasonable possibility is squarely on the plaintiff.' (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see also *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [noting that our review is de novo].)" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

The elements of a claim for wrongful foreclosure are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104; accord, *Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1507 [discussing prejudice requirement]; see also *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 [discussing the general requirement that irregularities in the foreclosure process be prejudicial to the plaintiff's interest].)

Plaintiff alleges that the foreclosure sale was predicated on the "fraudulent" Assignment but she ignores the additional elements of a wrongful foreclosure claim, that is, prejudice and tender. Thus, while plaintiff acknowledges that she, her husband, and their daughter executed the deed of trust on the Property as security for a $752,500 loan to Alberto Hernandez, she does not allege that any of the three trustors, or anyone else on their behalf, repaid the Note. Instead, she offers to "tender to the rightful holder of the Note in the event that any legal holder can show non-payment and possession or right to enforce the Note." This is not an unambiguous tender sufficient to support a cause of action for wrongful foreclosure. "A valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform. (Civ. Code, §§ 1486, 1493, 1494, 1495.)" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053.)

Moreover, the allegations of the complaint are not grounded in a flaw in the implementation of the nonjudicial foreclosure procedure set forth in Civil Code sections 2924 through 2924k, such as a failure to give the borrower the required notice of default, or to permit redemption of the property as provided by statute. Rather the complaint challenges the authority of the trustee to conduct the foreclosure sale.

Because California's nonjudicial foreclosure scheme is exhaustive, courts have declined to read additional requirements into the statutory framework, including on the issue of a nominee's authority to initiate nonjudicial foreclosure. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1150.) The statutory scheme does not permit a borrower to bring an action to challenge an entity's authority to initiate foreclosure proceedings unless the borrower can demonstrate prejudice from the claimed lack of authority.[3] (*Siliga v. Mortgage Electronic Registration Systems, Inc* (2013) 219 Cal.App.4th 75, 86 (*Siliga*); *Herrera v. Federal Nat. Mortg. Assn., surpa,* 205 Cal.App.4th at p. 1507; *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 271.) As the *Siliga* court stated: "[T]he Siligas fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment." (*Siliga, supra,* at p. 85.)

Here, the complaint challenges the authority of PNMAC and Trustee Corps to foreclose on the Property because the person who notarized the Assignment was later

---

[3] The issue is currently pending review in the Supreme Court. (*Yvanova v. New Century Mortgage Corporation*, review granted Aug. 27, 2014, S218973) ["In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?"].)

convicted of criminal charges related to abuse of her notary license, and because the original lender had gone out of business prior to the Assignment of that deed. The complaint does not, however, specify how plaintiff was harmed by the notary's conviction, or by the dissolution of the original lender. Indeed, the operative complaint does not sufficiently allege the purportedly defective Assignment of deed of trust caused plaintiff cognizable harm. As was true of the plaintiffs in *Siliga, supra,* 219 Cal.App.4th at p. 85, plaintiff does not dispute that her husband had ceased making payments on the Note. The Assignment also did not change the borrower's obligations under the Note, and there is no allegation, nor reason to believe, that CitiMortgage (the holder of the Note prior to the asserted fraudulent Assignment) would not have proceeded with foreclosure. Thus, plaintiff's challenge to the validity of the Assignment of deed of trust necessarily fails.

Plaintiff's remaining causes of action, for Commercial Code violations, quiet title and cancellation of instruments, are all premised on the notion that the foreclosure sale was invalid because PNMAC was not properly assigned the beneficial interest in the Note or deed of trust.[4] These causes of action likewise failed to state a claim upon which relief could be granted. As the trial court concluded, the Commercial Code has no application in the realm of nonjudicial foreclosure. (See *Debrunner v. Deutsche Bank Nat. Trust Co., supra*, 204 Cal.App.4th at p. 441.) Moreover, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649.) And as to the cause of action for cancellation of instruments, plaintiff has alleged no facts which would support cancellation of the deed of trust, since she does not dispute the validity of that document but challenges only its subsequent Assignment; cancelling the notice of default and notice

---

[4]     As the trial court correctly observed, there is no requirement that the foreclosing party have physical possession of the original promissory note. (*Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, 440.)

of trustee's sale would be an idle act.  In short, the trial court properly sustained the defendants' demurrers to each of plaintiff's causes of action.

Finally, plaintiff contends that the trial court abused its discretion by sustaining the demurrer without leave to amend.  To demonstrate error, plaintiff "must show in what manner [s]he can amend [the] complaint and how that amendment will change the legal effect of [the] pleading."  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349, internal citations omitted.)  However, in her opposition to the demurrers to the second amended complaint, plaintiff failed to suggest how the complaint could be amended to overcome the deficiencies identified in the demurrers.  Rather, she simply requested "leave to amend for any defects in form or substantive defects" and "additional time to address any defects that the Court may sustain on the Demurrer."[5]  Because plaintiff offered no proposed amendment that would cure the defects of the complaint, nor has she articulated a viable theory of amendment in her opening brief on appeal,[6] we hold the demurrer was properly sustained without leave to amend.

---

[5]     Plaintiff has not included in the record a reporter's transcript of the hearing on the demurrers or a settled statement regarding the proceedings that transpired.  We therefore have no basis to determine whether plaintiff described how she might amend the complaint at the hearing, and we must affirm the judgment unless an abuse of discretion is affirmatively shown.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200-1201 [judgment or order of the trial court is presumed correct].)

[6]     Plaintiff makes several passing references in her opening brief (e.g., "Appellant can add additional allegations along with numerous other violations since discovered") regarding theories she might assert if allowed leave to amend.  However, these vague assertions are unsupported by reasoned argument and therefore insufficient to carry her burden to show how she could cure the complaint's defects by further amendment.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)  We decline to address theories of amendment raised for the first time in plaintiff's reply brief.  (*Shimmon v. Franchise Tax Bd.* (2010)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

189 Cal.App.4th 688, 694, fn. 3; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)