[Civ. No. 5538.   Fourth Dist.   Jan. 11, 1957.]

PAUL FINSTEIN, Appellant, v. COUNTY OF SAN BERNARDINO et al., Respondents.

Busch & Maroney for Appellant.

Albert E. Weller, County Counsel, and J. B. Lawrence, Deputy County Counsel for Respondents.

BARNARD, P. J.—This is an appeal from a judgment denying an injunction. The facts are undisputed, and the question presented is whether the first sentence of section 8 of the San Bernardino County Health Code (Ordinance No. 527) is applicable to and enforceable against the plaintiff's property.

Ordinance Number 527 was adopted in 1942 and section 8 reads as follows:

"*Domestic animals.* No person shall keep any animal, fowl, or bird, wild or domestic, other than cats, dogs, canaries or birds of psittacinae family, within forty (40) feet of any school, church, hospital, public place or business, or any residence or dwelling house or other building used for the habitation of human beings, other than his own personal and private dwelling or residence. No such animal or fowl shall be kept or maintained in any yard, coop, or building which is in a foul or unsanitary condition. The provisions of this section shall not apply to accredited laboratories regulated by the State Department of Public Health."

Since July 1, 1951, the plaintiff has been engaged in the business of raising chickens on his real property. His poultry buildings at the time they were constructed were more than 40 feet from any building used as a dwelling, other than his own residence. Subsequent to July 1, 1951, a neighbor constructed a residence on an adjoining property which was within 40 feet of the plaintiff's poultry enclosure.

On July 9, 1951, the board of supervisors adopted Ordinance 678, a zoning ordinance, which became effective on August 8, 1951. Ordinance Number 678 established 11 zone districts and provided regulations therefor in the unincorporated area of San Bernardino County, and specifically repealed 18 prior ordinances by number. The Health Code (Ordinance 527) was not named as one of the ordinances being repealed. Section 8 of Ordinance Number 678 provided for one zone in which limited agricultural uses were permitted and one of the regulations therein reads:

"h. Buildings and enclosures for fowl or livestock, small or large, placed on any given parcel of land, shall be kept at least forty (40) feet from dwellings on the property and a minimum of one hundred (100) feet from any other place used for human habitation, public park, school or 'R' District."

Plaintiff's property would be subject to that regulation except that section 15.5 of that ordinance provides that non-

conforming buildings and uses existing on the effective date of that ordinance may be continued and maintained provided there are no structural alterations. Section 19.1 of that ordinance also provides as follows:

"INTERPRETATION: In interpreting and applying the provisions of this Ordinance they shall be held to be the minimum requirements for the promotion of the public health, safety, comfort, convenience and general welfare. It is not intended by this Ordinance to interfere with or abrogate or annul any easement, covenant or other agreement between parties. Where this Ordinance imposes a greater restriction upon the use of building or land, or upon the height of buildings, or requires larger open spaces than are imposed or required by other ordinances, rules, regulations or by easements, covenants or agreements, the provisions of this Ordinance shall control."

The plaintiff alleged in his complaint that the defendants have ordered him to remove his poultry 40 feet from the adjoining dwelling, which was erected subsequent to the construction of his facilities and subsequent to the adoption of Ordinance Number 678; that this order was based upon and made pursuant to the provisions of section 8 of Ordinance Number 527; that the defendants threaten to prosecute the plaintiff for noncompliance with the provisions of Ordinance 527; and that plaintiff has complied with all requirements of section 8 of Ordinance 527, except the distance requirement contained in the first sentence thereof. The prayer was that the defendants be enjoined from in any manner enforcing or attempting to enforce the provisions of the first sentence of section 8 of Ordinance 527. At the trial it was stipulated, among other things, that plaintiff constructed a chicken house after the adoption of Ordinance Number 527, but prior to the adoption of Ordinance Number 678; that at the time of said construction there was no dwelling within 40 feet thereof; that a dwelling house was subsequently erected on adjoining property within 40 feet of the poultry house; that the applicable sections of Ordinance Number 527 are not dependent upon the existence of an actual nuisance; that the maintenance of a poultry house within 40 feet from such a dwelling house is in violation of the terms of Ordinance Number 527; and that the plaintiff contended that no violation by him appears since Ordinance Number 527, insofar as it pertained to him, was impliedly repealed by Ordinance Number 678. The court found that the plaintiff, as a nonconforming user, is not subject to the provisions of Zoning Ordinance Number 678, and

that Ordinance Number 678 did not impliedly repeal section 8 of Health Ordinance Number 527. Judgment was entered in favor of the defendants, and the plaintiff has appealed therefrom.

The appellant's main contention is that the first sentence of section 8 of Ordinance Number 527 has been impliedly repealed by the adoption of Ordinance Number 678. It is argued that the provisions of Ordinance 678, which require that buildings and enclosures for fowl shall be kept at least 100 feet from any dwelling on adjoining property, are greater and more restrictive regulations with respect to the keeping of poultry than are the provisions of section 8 of Ordinance Number 527; that since the provisions of these ordinances, with respect to this matter, are conflicting the last ordinance adopted is controlling; and that it follows that there is an implied repeal of the first sentence of section 8 of Ordinance Number 527, since the two statutes cannot be reconciled under any reasonable hypothesis.

There is some distinction with respect to the matter in question in that section 8 of the Health Code forbids the keeping of fowl within 40 feet of any dwelling other than that of the owner, while Ordinance Number 678 relates to structures for that purpose and requires that they shall be kept at least 100 feet from any dwelling on adjoining property. ▆ It would be unreasonable to interpret a provision of a zoning ordinance as intended to repeal, by implication, an existing provision of a health ordinance, in the absence of a clear disclosure of such an intent. ▆ The purpose of a health ordinance is, of course, quite different from that of a zoning ordinance. The provisions of a zoning ordinance, including the permissive continuance of a nonconforming use, are related to the purpose of such an ordinance, and cannot reasonably be held to imply any intention to thereby exempt the owner of such property from the necessity of complying with any regulation or requirement of an existing health ordinance.

The fact that Ordinance Number 678 specifically repealed certain other ordinances not including any part of Ordinance Number 527, would tend to indicate an absence of any intention to impliedly repeal a part of that ordinance. Moreover, Ordinance Number 678, by its provision for the continuance of a nonconforming use, expressly exempted the appellant's facilities from the operation of that ordinance. Since appellant's facilities are not covered by that ordinance there is no conflict between the provisions of that ordinance

and section 8 of Ordinance Number 527, insofar as appellant is concerned. It follows that insofar as it relates to appellant's property the zoning ordinance (No. 678) does not impose a greater restriction in the respect here in question than is imposed or required by the health ordinance (No. 527). Section 19.1 of Ordinance Number 678 discloses a clear intention that where its provisions do not apply, as is the case with respect to a nonconforming use, it is not controlling over existing ordinances. The effect of that section and the nonconforming use section of Ordinance Number 678 clearly indicates that Ordinance Number 678 was not intended to repeal by implication any part of section 8 of Ordinance Number 527, under the circumstances which here appear. If it be assumed that the 100-foot restriction provided for in Ordinance Number 678 was intended to apply in future cases, it did not apply to appellant's existing nonconforming use, and the two statutes may reasonably be reconciled insofar as they affect appellant or the circumstances in question. It follows that the trial court correctly found and held, insofar as this action was concerned, that the first sentence of section 8 of Ordinance Number 527 was not impliedly repealed by the adoption of section 678.

The appellant further contends that the enforcement of section 8 of Ordinance Number 527 will unconstitutionally deprive him of the use of property. It is argued that said section 8 is arbitrary and confiscatory, that he could not constitutionally be penalized because of the subsequent location of a dwelling on adjoining property, and that to hold him subject to the provisions of section 8 of Ordinance Number 527 would be to give a retroactive effect to an existing ordinance and compel him to immediately cease an existing use in violation of the established principle of zoning ordinances that a reasonable time must be allowed in which to terminate an existing use.

It is well settled that an activity which is permitted by law may be constitutionally prohibited, in connection with zoning ordinances, because of the subsequent development of adjacent property. (*Ex parte Hadacheck,* 165 Cal. 416 [132 P. 484, L.R.A. 1916B 1248] ; *Jones* v. *City of Los Angeles,* 211 Cal. 304 [295 P. 14] ; *People* v. *Johnson,* 129 Cal.App.2d 1 [277 P.2d 45].) The Health Code, Ordinance Number 527, was in effect some nine years before the appellant erected his buildings, and he cannot complain because the adoption of a subsequent zoning ordinance, which exempted him from

its operation, does not also exempt him from the operation of the provisions of the preexisting health ordinance. This is not a zoning case, but one involving the operation of a provision of the Health Code of that county. No defect in that ordinance is pointed out or relied on, and from its very nature there is nothing in this provision of the Health Code which discloses any intention of excluding any property from its operation because of prior use or former conditions.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.