Filed 4/25/25  P. v. Hall CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CONSTANTINO RUFUS HALL,<br><br>    Defendants and Appellants. | D085391<br><br><br>(Super. Ct. No. FSB23000347) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID SIDNEY BACKSCHEIDER,<br><br>    Defendant and Appellant. | (Super. Ct. No. FSB23000348) |


APPEALS from judgments of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant Constantino Rufus Hall.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant David Sidney Backscheider.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

A jury convicted David Sidney Backscheider and Constantino Rufus Hall of robbery and simple assault.  Each appeals his sentence.

Backscheider argues the trial court abused its discretion by imposing a five-year enhancement under Penal Code[1] 667, subdivision (a)(1) based on a 2018 serious felony conviction.  He claims imposing the serious felony prior is inconsistent with the goal of uniformity in sentencing because the court declined to impose a five-year enhancement in Hall's sentence based on Hall's 1993 robbery conviction.  He also claims the enhancement is "contrary to the spirit" of section 1385, subdivisions (c)(2)(E) and (H).  Backscheider forfeited these arguments and, in any case, has not demonstrated an abuse of discretion.

Hall argues the trial court abused its discretion by failing to give great weight to the factors outlined in section 1385, subdivision (c)(2) when declining to dismiss his prior "strike" under the "Three Strikes" law.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)  He argues the preamble to Assembly Bill No. 600 (Stats. 2023, ch. 446, § 1 (Assembly Bill 600)—which concerns sentence recall proceedings under section 1172.1—requires trial courts to

---

[1]    Further statutory references are to the Penal Code.

consider the section 1385, subdivision (c)(2) factors when considering whether to dismiss a strike at a defendant's initial sentencing. We disagree with Hall's interpretation of this legislative statement.

The sentences are affirmed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2023, Hall and Backscheider assaulted and robbed a 60-year-old man. They attacked the victim for approximately two minutes before stealing his phones. The victim was left bleeding from the mouth and nose, with four broken teeth. Bystanders called police and an ambulance. Soon after, law enforcement arrived. After arriving at the scene, a police officer observed that the victim was having trouble breathing, forming sentences, and recalling events. Appellants were quickly apprehended. Following a joint trial, the jury convicted each defendant of one count of robbery (§ 211) and one count of misdemeanor assault (§ 240).

The court held bifurcated proceedings on each defendant's prior convictions. As to Backscheider, the court found that in 2018 he had been convicted of assault with a deadly weapon (§ 245, subd. (a)(1)). The trial court found the conviction qualified both as a strike prior (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) and a serious felony prior (§ 667, subd. (a)(1).) The court also found proof beyond a reasonable doubt as to four aggravating factors. As to Hall, the court found true all prior conviction allegations, including the allegation that he had been convicted of robbery in 1993. Again, the trial court found the conviction qualified both as a strike prior (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) and a serious felony prior (§ 667, subd. (a)(1).) Further, the trial court found proof beyond a reasonable doubt as to the same four aggravating factors as Backscheider.

Both defendants moved to dismiss their prior strike priors pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and in furtherance of justice pursuant to section 1385, subdivision (a).  Hall also sought dismissal of his serious felony prior under section 1385, subdivision (c).  Backscheider's motion did not mention his serious felony prior enhancement, but at the sentencing hearing, when asked if he had anything to "add to the brief," his counsel stated, "I think the Court has—not to the brief, but the Court has discretion not to impose the five-year 667(a)(1) prior, and I would urge the Court to stay that."

The court denied Backscheider's *Romero* motion.  The court sentenced Backscheider to nine years of imprisonment on the robbery conviction, comprising the low term of two years doubled based on his strike prior and five years for the nickel prior.  The court stayed a 180-day sentence on his misdemeanor assault conviction.

The court also denied Hall's *Romero* motion.  The court found Hall "has a record of crimes starting in 1984 to the present" and has "consistently failed to avail himself of programs and rehabilitative efforts of probation and parole."  The court summarized his prior convictions, including the 1993 robbery conviction (§ 211), a 1998 conviction for spousal abuse (§ 273.5, subd. (a)), a 2003 conviction for grand theft (§ 487, subd. (a)), a 2008 conviction for possession of a firearm by a felon (§ 12021, subd. (a)(1)), and a 2020 conviction for obstructing or resisting an executive officer (§ 69).  The court further noted he was on probation and waiting to be sentenced on a probation violation.  The court found there was "no significant break in committing felony offenses" since his 1993 strike offense, concluded Hall "is not outside the spirit of the Three Strikes Law," and declined to dismiss the strike.

4

The court declined to strike Hall's serious felony prior, but struck the sentence. The court imposed a sentence of six years' imprisonment for the robbery conviction, comprising the middle term of three years doubled based on his strike prior. As with Backscheider, the court imposed but stayed a 180-day sentence on Hall's misdemeanor assault conviction.

## III. DISCUSSION

We review a trial court's decision not to strike a sentence enhancement or strike prior under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 371; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.)

A. *Backscheider's Appeal*

Backscheider argues the court's refusal to strike the serious felony prior enhancement constituted an abuse of discretion. However, Backscheider failed to ask the trial court to strike it. His *Romero* motion does not mention the serious felony prior or section 1385, subdivision (c), and counsel only asked to court to "stay" the enhancement. He thus failed to preserve this issue for appeal.

In any event, he has not shown any abuse of discretion. Backscheider specifically argues "the disparity between the court's striking Hall's five-year prior[2] and its decision not to strike appellant's does not comport with 'uniformity in the sentences of people incarcerated for committing the same

---

2     We note the court did not strike the serious felony prior, instead it struck the associated five-year prison *sentence*. (§ 1385(b)(1) ["If the court has the authority pursuant to [§ 1385(a)] to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement."].)

offense under similar circumstances.' " But Hall's serious felony enhancement was over 30 years old, while Backscheider's was from 2018. The trial court could rationally conclude the two offenses were not similarly situated.

Backscheider also argues the sentence is "contrary to the spirit" of section 1385, subdivisions (c)(2)(E) and (H). Under section 1385, subdivision (c)(1), a "court shall dismiss an enhancement if it is in the furtherance of justice to do so." Under section 1385, subdivision (c)(2)(E), the court must "consider and afford great weight to evidence offered by the defendant to prove that . . . . [t]he current offense is connected to prior victimization or childhood trauma." Even if he had not forfeited this argument below, he has done so on appeal as he fails to explain how this factor applies to his current offenses and fails to support his conclusory assertion in his opening brief with any argument or record citations. (See, e.g., *Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 716 [" 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].' "].)

Under section 1385, subdivisions (c)(2)(H), the court is to consider whether "[t]he enhancement is based on a prior conviction that is over five years old." Backscheider did not ask the court to consider this factor, instead arguing "the prior offenses are recent." Nor are we persuaded that imposing an enhancement in 2023 for a 2018 conviction offends the "spirit" of this provision.

For these reasons, we conclude Backscheider has not shown the trial court abused its discretion in failing to dismiss his serious felony prior or strike the five-year additional prison sentence.

B.  *Hall's Appeal*

Hall contends the trial court abused its discretion by failing to apply section 1385, subdivision (c), when determining whether to dismiss Hall's strike.  He argues the Legislature changed the law in 2023, after he was sentenced, pointing to part of the preamble from Assembly Bill 600:

> "It is the . . . intent of the Legislature that courts have full discretion in resentencing proceedings pursuant to Section 1172.1 of the Penal Code to reconsider past decisions to impose prior strikes.  The list of factors considered in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, is not exhaustive.  Courts should consider Section 1385 of the Penal Code, postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice."

(Stats. 2023, ch. 446, § 1, subd. (b).)  Notwithstanding that his was not a "resentencing proceeding[ ] pursuant to Section 1172.1," Hall claims this uncodified statement of purpose "implicitly incorporated the criteria of section 1385(c) into the decision under section 1385(a) and *Romero* of whether to strike a prior strike."  We disagree.

Hall does not dispute that California Courts of Appeal have universally held section 1385, subdivision (c), only applies to "enhancement[s]," not to the Three Strikes law, which is an alternative sentencing scheme.  (See *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9 [First District, Division Five]; *People v. O'Bannon* (2024) 105 Cal.App.5th 974, 980 [Second District, Division Three]; *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338 [First District, Division Five]; *People v. Killian* (2024) 100 Cal.App.5th 191, 218 [Sixth District]; *People v. Dain* (2024) 99 Cal.App.5th 399, 404, review granted May 29, 2024 (S283924) [First District, Division Two]; *People v. Olay* (2023) 98 Cal.App.5th 60, 67 [First District, Division Five]; *People v. Cota* (2023) 97 Cal.App.5th 318, 340 [Fifth District]; *People v. Burke* (2023) 89 Cal.App.5th 237, 243

7

[Third District].)  Assembly Bill 600 did not amend the plain language of section 1385, subdivision (c), and legislative "statements [of intent] in an uncodified section do not confer power, determine rights, or enlarge the scope of a measure."  (*People v. Canty* (2004) 32 Cal.4th 1266, 1280.)  We decline to diverge from the weight of well-reasoned authority.

Moreover, contrary to Hall's suggestion, the statement does not suggest that the procedure or presumptions in section 1385, subdivision (c), apply to a court's consideration of whether to dismiss a strike.  That is, the Legislature does not provide these factors "shall" be considered and given "great weight," nor that the presence of one or more factor "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c).)  Rather, the preamble states the court "should consider" the section 1385, subdivision (c)(2), factors in addition to the *Romero* factors, "postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice."  (Stats. 2023, ch. 446, § 1, para. (b).)  Hall has not shown the trial court failed to consider any relevant section 1385, subdivision (c)(2), factor.

Hall argues his strike was over five years old and "[h]is offense was connected to mental illness, prior victimization, and childhood trauma," invoking section 1385, subdivisions (c)(2)(D), (E), and (H).  Hall's *Romero* motion argued each of these circumstances weighed in favor of dismissing the strike, and the trial court expressly considered "the defendant's brief."  In deciding a *Romero* motion, a court "must consider . . . the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  We presume

8

the trial court considered the age of the strike (the "nature and circumstances" of his prior conviction), Hall's mental illness and childhood trauma ("the particulars of his background, character, and prospects"), and the effect of the trauma and mental illness on his current offense ("the nature and circumstances" of his present felony).  (See *People v. Diaz* (1992) 3 Cal.4th 495, 567 ("[W]e presume that the trial court has properly followed established law.").)  Because Hall fails to identify any relevant section 1385, subdivision (c)(2), factor not considered by the court, Hall has not shown the trial court's analysis was inconsistent with the Assembly Bill 600 preamble.

## IV. DISPOSITION

The judgments are affirmed.


RUBIN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.

9