Filed 4/1/16  Rosenblum v. U.S. Bank, Assn. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JENNIFER MAE ROSENBLUM,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>        Defendant and Respondent. | A143027<br><br>(San Mateo County<br>Super. Ct. No. CIV 463382) |

In this quiet title action, plaintiff Jennifer Mae Rosenblum (formerly known as Jennifer Moore) appeals from a judgment in favor of defendant U.S. Bank National Association, as Trustee for CSFB Mortgage Backed Pass-Through Certificates, Series 2004-7 (U.S. Bank).  Plaintiff argues the trial court erred in sustaining U.S. Bank's demurrer after finding valid U.S. Bank's lien on 50 percent of the real property at issue.  We affirm.

1

BACKGROUND[1]

In 1993, Richard Hatfield purchased the real property at issue (the Property). Title to the Property was in Hatfield's name. At the time, plaintiff and Hatfield were living together and had two children, but were not married. Plaintiff and Hatfield subsequently separated.

In 2001, plaintiff sued Hatfield seeking joint ownership of their property, including the Property. Plaintiff filed a dissolution action, a *Marvin* action,[2] and apparently others. The cases were consolidated in the trial court.

In 2002, plaintiff recorded a lis pendens providing notice of the pending dissolution action in which she asserted an interest in the Property. In 2003, an order expunging the lis pendens issued but was never recorded. In 2004, Hatfield executed a deed of trust against the Property to secure a loan (the Deed of Trust).[3] The Deed of Trust was eventually assigned to U.S. Bank.[4]

In 2007, a statement of decision issued in the *Marvin* action (the 2007 *Marvin* decision) finding plaintiff and Hatfield jointly owned all their property, including the

---

[1] Our recitation of the facts assumes the truth of the complaint's allegations and includes matters judicially noticed by the trial court. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) In setting forth certain background facts, both parties cite to orders issued in a related bankruptcy proceeding. The trial court took judicial notice of the orders, but judicial notice may not be taken of the truth of factual findings contained therein (*Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1551) and neither side has argued these background facts have collateral estoppel effect. Regardless, "where the parties agree, we accept their agreed facts as mutual concessions." (*Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 3.)

[2] *Marvin v. Marvin* (1976) 18 Cal.3d 660 "held that express or implied contracts between persons living together in a nonmarital relationship should be enforced, unless the contracts were explicitly founded on the consideration of meretricious sexual services." (*Chodos v. Borman* (2014) 227 Cal.App.4th 76, 82, fn. 1.)

[3] Hatfield also executed a second deed of trust, which is not at issue in this appeal.

[4] Plaintiff challenges the validity of this assignment. We discuss the facts relevant to this challenge below.

Property, and their assets were "to be divided equally." The court bifurcated the question of an accounting of the parties' jointly owned property.

In 2008, Hatfield filed for bankruptcy. Because of this filing, the *Marvin* and related actions were stayed. Hatfield's property became the property of his bankruptcy estate, and the estate's trustee (Trustee) initiated an adversary proceeding against plaintiff and U.S. Bank (or its predecessor in interest), among others. The Trustee contended the Deed of Trust should be paid from the proceeds of both Hatfield's and plaintiff's interest in the Property; plaintiff argued the Deed of Trust attached only to Hatfield's 50 percent interest. In 2009, the bankruptcy court issued an order agreeing with plaintiff. After discussing the background of the lis pendens and the 2007 *Marvin* decision finding plaintiff and Hatfield each had a 50 percent interest in the Property, the bankruptcy court held the lis pendens was valid, despite the expungement, and protected plaintiff's one-half interest in the Property from the Deed of Trust. Accordingly, the bankruptcy court concluded the Deed of Trust "attach[es] only to the Hatfield bankruptcy estate's one-half interest in the Property."

In March 2010, plaintiff and the Trustee entered into a settlement agreement. The settlement agreement discussed the 2007 *Marvin* decision, which it referred to as the "Marvin Decision," and characterized it as finding plaintiff and Hatfield were each "a one-half equitable owner of all real and personal property acquired by them" subject to exceptions not relevant here. The settlement agreement provided that the "Trustee acknowledges and agrees that the Marvin Decision accurately adjudicated title to [the Property]" and, "[a]t the request of [plaintiff], Trustee will execute a Stipulation for Judgment incorporating the Marvin Decision into a final judgment."

The settlement agreement also stated plaintiff had asserted a number of claims in the bankruptcy proceeding. The agreement provided that plaintiff would subordinate most of her claims and, "[i]n consideration for [plaintiff's] subordination of the claims set forth above, Trustee agrees to sell to [plaintiff] . . . any and all remaining property of the Estate . . . . As to [the Property], the parties shall execute the Purchase Agreement

3

attached to this Agreement . . . ."[5]  The bankruptcy court subsequently issued an order authorizing this sale of the Property and authorizing the Trustee "to consent to final judgment in the [*Marvin* action] in accordance with that certain Statement of Decision dated January 22, 2007 . . . ."  In July 2010, after judgment issued in the bankruptcy adversary proceeding, the Trustee executed and recorded a grant deed transferring the Property to plaintiff.

Subsequently, in the *Marvin* action, plaintiff moved under Code of Civil Procedure 664.6 for final judgment pursuant to the parties' settlement.[6]  In February 2014, the court issued an order granting this motion.  The order referred to and attached the 2007 *Marvin* decision "determining [plaintiff] and Hatfield equally owned the property they had acquired"; noted Hatfield's bankruptcy filing and resulting litigation; referred to and attached the settlement agreement between the Trustee and plaintiff providing "the Trustee agreed to sell . . . the Estate's interest in [the Property] to [plaintiff]"; referred to and attached the final judgment of the bankruptcy court "determining the interests of [plaintiff] and the Trustee in [the Property]"; and referred to and attached the grant deed from the Trustee granting her interest in the Property to plaintiff.  The order found the obligations of the settlement agreement had all been satisfied "with the exception of the Trustee's stipulation to a final judgment in this action," and noted the Trustee's counsel approved the form of judgment proposed by plaintiff as consistent with the settlement agreement and bankruptcy court order approving the settlement.  The judgment thereby issued by the court ordered "that the entire joint interests of [plaintiff] and of Hatfield, as succeeded to by the Estate, including

---

[5] The purchase agreement is not included in the record.

[6] All undesignated section references are to the Code of Civil Procedure.  Section 664.6 provides, in relevant part, "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

4

[the Property], be and hereby is distributed to [plaintiff] as her sole and separate property."

In March 2014, plaintiff filed the operative second amended complaint.[7] This complaint, brought against U.S. Bank and others, sought to quiet plaintiff's title in the Property and determine that the defendants have no interest in the Property. U.S. Bank demurred, arguing the Deed of Trust encumbers 50 percent of the Property. The trial court sustained the demurrer and issued judgment dismissing with prejudice plaintiff's complaint as to U.S. Bank.[8] This appeal followed.[9]

---

[7] We omit background on prior versions of plaintiff's complaint, which are not relevant to this appeal.

[8] The trial court's order sustaining the demurrer and subsequent judgment do not set forth the extent of U.S. Bank's interest in the Property. However, U.S. Bank's memorandum in support of its demurrer makes clear that it contends the Deed of Trust encumbers 50 percent of the Property. Accordingly, we construe the trial court's order and judgment to so find.

[9] The appealed-from judgment is final as to U.S. Bank and therefore appealable, although other defendants remain in the case. (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9 [one final judgment rule "does not apply . . . ' "when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party" ' "].) In the statement of appealability section of her brief, plaintiff suggests the trial court may have erred in issuing a piecemeal final judgment because of the *in rem* nature of her action. She does not pursue this contention in the argument section of her opening brief and we need not, and do not, address it. (*Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 726 [issue forfeited because it was not included in argument section of the appellant's brief].) Because the appealed-from judgment is final as to U.S. Bank, the appeal is properly before us. In the statement of appealability, plaintiff also argues an order sustaining a demurrer to a quiet title action is improper where the plaintiff has a legal interest in the property at issue. Again, plaintiff fails to raise this contention in the argument section of her brief; she also failed to raise it in the trial court in her opposition to U.S. Bank's demurrer. We decline to address this forfeited issue. (*Ibid.*; *Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 451.)

DISCUSSION

I. *The Deed of Trust Encumbers 50 Percent of the Property*

The parties agree that the Deed of Trust does not encumber 50 percent of the Property, but dispute whether it encumbers the other 50 percent. Plaintiff's argument is as follows. The bankruptcy court held the lis pendens was effective in the *Marvin* action.[10] Section 405.24 provides, in relevant part, "[t]he rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice [of lis pendens]." Plaintiff was awarded 100 percent of the Property in the *Marvin* action final judgment. Therefore, she concludes, her 100 percent interest in the Property relates back to 2002, before the Deed of Trust was executed.

There are two problems with plaintiff's argument. First, while the bankruptcy court order found the lis pendens was effective, it also found it *only* effective as to plaintiff's 50 percent interest and, conversely, that the 50 percent interest held by Hatfield's bankruptcy estate was encumbered by the Deed of Trust. Plaintiff subsequently purchased the estate's 50 percent interest as part of the settlement agreement. Plaintiff does not dispute that the interest she purchased was encumbered by the Deed of Trust at that time: the grant deed documenting the transfer predates the final judgment in the *Marvin* action by well over three years. After this purchase, plaintiff held title to 100 percent of the Property, 50 percent of which was encumbered by the Deed of Trust.

Second, the *Marvin* action only determined her entitlement to 50 percent of the Property. The order granting final judgment in the *Marvin* action makes clear that plaintiff was not awarded 100 percent of the Property as a result of the determination of the parties' rights in that case, but rather because the 2007 *Marvin* decision determined she owned half of the Property and she purchased the other half pursuant to the

---

[10] Both parties agree the bankruptcy court's lis pendens ruling is entitled to collateral estoppel effect.

bankruptcy settlement agreement. That final judgment in the *Marvin* action issued *after* plaintiff purchased the remaining 50 percent, and accordingly determined plaintiff owned 100 percent of the Property, does not mean plaintiff was awarded 100 percent of the Property as a result of her prosecution of the *Marvin* action. Put another way, but for plaintiff's purchase of Hatfield's 50 percent interest under the bankruptcy settlement agreement, there is no reason to believe the final judgment in the *Marvin* action would have awarded plaintiff more than 50 percent interest in the Property.[11]

Accordingly, the trial court did not err in concluding the Deed of Trust encumbers 50 percent of the Property.[12]

## II. *U.S. Bank Is The Assignee of the Deed of Trust*

Plaintiff also challenges U.S. Bank's ownership of the Deed of Trust. We reject this challenge.

The original Deed of Trust identified Hatfield as the "Borrower," Preferred Financial Group, Inc. as the "Lender," and Ticor Title Company as the "Trustee." The Deed of Trust also provided Mortgage Electronic Registration Systems, Inc., or MERS, "is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." It further provided: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests . . . ."

In 2010, MERS executed and recorded a notice providing it "hereby grants, assigns, and transfers to U.S. Bank, National Association, as trustee, successor-in-interest to Wachovia Bank, N.A. as trustee for MALT 2004-1 all beneficial interest under" the

---

[11] Although plaintiff contends she reasonably expected to receive most or all of the parties' joint property in the *Marvin* action, she provides no support for this claim. In any event, this contention does not alter the actual basis for the *Marvin* judgment.

[12] Because of this conclusion, we need not decide U.S. Bank's alternative argument that plaintiff's claim is barred by the statute of limitations.

Deed of Trust. (Capitalization altered.) In 2011, MERS executed and recorded a notice providing it "hereby grants, assigns, and transfers to [U.S. Bank] all beneficial interest under" the Deed of Trust. The 2011 assignment notice stated it was "being recorded to correct" the 2010 assignment notice.

Plaintiff argues that after MERS assigned "all beneficial interest" in the Deed of Trust in 2010, it had nothing left to assign, rendering the 2011 assignment a nullity. Plaintiff's argument ignores MERS's status as nominee of the Lender and its assigns. "MERS is a private corporation that administers a national registry of real estate debt interest transactions. . . . [¶] Ordinarily, the owner of a promissory note secured by a deed of trust is designated as the beneficiary of the deed of trust. [Citation.] Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as 'nominee' for the lender, and granted the authority to exercise legal rights of the lender." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 267 (*Fontenot*), disapproved on another ground in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919.) In *Fontenot,* MERS assigned "all beneficial interest" under a deed of trust containing language identical to that of the Deed of Trust quoted above. (*Id.* at pp. 262-263.) The court explained that "MERS had no power *in its own right* to assign the note, since it had no interest in the note to assign." (*Id.* at p. 270.) However, under the deed of trust, MERS was a "nominee": "a person or entity designated to act for another in a limited role—in effect, an agent." (*Ibid.*) MERS was the nominee "for the lender, which *did* possess an assignable interest." (*Ibid.*)

As in *Fontenot,* MERS "had no interest in the note to assign" since it was only a nominee for the lender. Its assignments, although they did not explicitly so state, were plainly executed in its capacity as the lender's agent. Moreover, the Deed of Trust provided that MERS is the nominee for the lender and the lender's assigns, so the first assignment did not terminate MERS's role. Plaintiff's contention that MERS had nothing left to assign following the 2010 assignment is unavailing.

## DISPOSITION

The judgment is affirmed. U.S. Bank is awarded its costs on appeal.

8

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

9